**Harry I. SCHWIMMER, Appellant,**

v.

**UNITED STATES of America, Wyllys Newcomb, Harry Richards, and Omar Schnatmeier, Appellees.**

No. 15494.

United States Court of Appeals
Eighth Circuit.

April 23, 1956.

Rehearing Denied May 21, 1956.

Harry I. Schwimmer, pro se (Harvey B. Cox, Morris A. Shenker and Bernard J. Mellman, St. Louis, Mo., were on the brief), for appellant.

St. John Barrett, Sp. Atty., U. S. Dept. of Justice, Washington, D. C. (Harry Richards, U. S. Atty., St. Louis, Mo., Murry L. Randall, Asst. U. S. Atty., St. Louis, Mo., and Albert M. Christopher, Atty., Dept. of Justice, Washington, D. C., with him on the brief), for appellees.

Before GARDNER, Chief Judge, and JOHNSEN and VOGEL, Circuit Judges.

JOHNSEN, Circuit Judge.

This is a companion case to Schwimmer v. United States, 8 Cir., 232 F.2d 855. In that case we reversed the trial court's denial of a motion to quash one subpoena duces tecum, issued in a grand jury investigation, and affirmed, with modification, the denial made as to another.

Thirty days after the trial court's ruling on the motions to quash, and fif-

teen days after our action upon the application made for a stay of the trial court's order pending appeal, Schwimmer instituted this suit in injunction, to prevent any of the files and papers required to be produced under the two subpoenas from being turned over to the grand jury. He further sought to prevent some other files and papers, belonging to a third party and produced by the latter for use by the grand jury, from being so turned over.

The injunction was sought against the attorneys for the Government handling the grand jury investigation and against the United States Marshal.

The trial court sustained a motion to dismiss the suit and Schwimmer has appealed.

■ Our decision in the companion case has determined the questions involved as to Schwimmer's own files and papers, except that he has attempted in this suit to claim additionally that the production required by the subpoenas would violate his privilege against self-incrimination under the Fifth Amendment. That claim, if it had any basis and he was not intending to waive it, ought, we think, to have been asserted by him in his motions to quash the subpoenas, when he consideredly chose to make that form of attack his basis for obtaining judicial intervention and determination of his rights to have the files and papers kept from coming into the grand jury's possession. Schwimmer was an attorney and so manifestly did not lack knowledge of what his rights were or how they could be vindicated. Without any attempted explanation in his complaint of why the claim of self-incrimination was not asserted in his motions to quash, it would appear that he was engaging in a series of ballistic steps, to halt, for as long a time as possible, the turning over to the grand jury of any part of his files and papers. The court was not required to allow itself or the grand jury to be thus toyed with

in the conducting of an investigation. (What we have said is, however, without any implication on the question of self-incrimination in relation to any trial proceedings under the indictment which has now been returned against Schwimmer.)

■ But apart from what has been said above, there is another reason why the court's dismissal of the injunction suit must be affirmed. At the time the request came before the court, there was no basis for it to issue an injunction, to prevent the grand jury from getting possession of such part of Schwimmer's files and papers as it was open to the Master to turn over to it, since this had already occurred. Whether the fact was then known to Schwimmer or not, the grand jury had on the previous day returned an indictment against him, and thus an injunction to prevent delivery and use of the files and papers could not have been to any avail.[1]

■ As to the files and papers of the third party which Schwimmer similarly sought to have kept from the grand jury, the situation is the same. This leaves whatever attorney-client privilege there may have existed in Schwimmer's favor as to these files and papers (Schwimmer claimed that the third party was a lawyer and that he was the third party's client) a matter for assertion by him in relation to any attempted use of such files and papers on a trial under the returned indictment. It may be added that Schwimmer's further claim that any use of such third party's papers would involve also a violation of the Fifth Amendment against him is untenable, because admittedly he had neither ownership nor possession of the papers, and their production thus could hardly involve any incrimination of himself at his own hands. A client's right of privilege as to files and papers which are the property and in the possession of his attorney is independent of his rights under the

1. We need not here consider to what extent, if any, injunction is available to prevent a grand jury's consideration of subpoenaed documents.

Fifth Amendment. It rests on its own policy of sanctity as to confidences, regardless of whether any disclosure would or would not be capable of legal effect against him. Breach of the privilege by an attorney through disclosure, or by a court in erroneously failing to vindicate it, is therefore not as such a violation of the Fifth Amendment, in its guaranty against self-incrimination.

Affirmed.